**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6105

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JOHNNY LEE WILLIAMS,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-hc-02204-D-JG)

Submitted: November 25, 2013      Decided: January 8, 2014

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, R. A. Renfer, Jr., Matthew L. Fesak, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Lee Williams appeals from the district court's order civilly committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247, 4248 (2012) (the "Act"). On appeal, Williams challenges the district court's determination that he would have serious difficulty refraining from sexually violent conduct or child molestation if released from prison. Finding no error, we affirm.

Pursuant to the Act, if, after a hearing, the district court finds by clear and convincing evidence that a person is a "sexually dangerous person," the court must commit the person to the custody of the Attorney General. 18 U.S.C. § 4248(d). A "sexually dangerous person" is one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others . . . ." 18 U.S.C. § 4247(a)(5). A person is considered "sexually dangerous to others" if "the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(6).

Williams claims that, in light of his advanced age, the district court erred by concluding that, as a result of a serious mental illness, abnormality, or disorder, he would have

2

serious difficulty refraining from sexually violent conduct or molestation of a child, if released. We have reviewed the record, the hearing transcript, and the district court's order incorporating its ruling from the bench and find no error. See United States v. Williams, No. 5:11-hc-02204-D-JG (E.D.N.C. Dec. 21, 2012). We therefore affirm the district court's order committing Williams to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4248. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED